## McCullough *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Accident in school yard—School law—Infant.*

The city of Philadelphia is not liable for personal injuries sustained by a child as the result of a defect in the pavement of a school yard, where it appears that the school yard in question was under the control and management of the board of public education of the first school district of Pennsylvania and a sectional board, as established by law.

Argued Oct. 4, 1906.    Appeal, No. 178, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1904, No. 483, on verdict for plaintiff in case of Barbara McCullough by her mother and next friend, Mary A. McCullough, and Mary A. McCullough v. City of Philadelphia.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Reversed.

Trespass to recover damages for personal injuries.  Before CARR, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $2,800 on which judgment was entered for $1,500, all above that amount having been remitted.

*Error assigned* was in submitting the case to the jury.

*W. C. Wilson*, assistant city solicitor, with him *Charles E. Bartlett* and *John L. Kinsey*, city solicitor, for appellant,—This case is ruled by Rosenblit v. Phila., 28 Pa. Superior Ct. 587.

*Latimer Painter Smith*, with him *Maxwell Stevenson* for appellees.—The ownership of this property by the city being undisputed, the city, having failed to produce evidence that it

was not in control of the premises at the time of the accident, is clearly liable under the decisions in Powers v. Phila., 18 Pa. Superior Ct. 621; Briegel v. Phila., 135 Pa. 451; Kies v. Erie, 169 Pa. 598; and Barthold v. Phila., 154 Pa. 109, that decide that a municipal corporation is liable for injuries occurring because of the defective condition of property owned by the municipality.

OPINION BY PORTER, J., November 19, 1906:

The plaintiff, Barbara McCullough, was playing in and about a swing in the yard of a public schoolhouse at the southwest corner of Sixteenth and Moore streets, in the city of Philadelphia, and while pushing the swing slipped or tripped on a depression in the bricks of the pavement of the school yard, fell to her knees, and while in that position was struck by the returning swing and her leg was broken.    It may be assumed that the verdict of the jury establishes that the fall of the plaintiff was occasioned by a defect in the pavement of the school yard and that those whose duty it was to repair said defect had been guilty of negligence.

The duty to maintain and repair the public school buildings and the premises thereto appurtenant, in the city of Philadelphia, rests upon the board of public education of the first school district of Pennsylvania, and the sectional boards, as established by law; and there is no duty upon or power in the city to control the public schools as one of its affairs: Board of Public Education v. Ransley, 209 Pa. 51.    The officers of the school district are not officers of the city of Philadelphia, a municipal corporation, nor are they invested with municipal powers nor charged with the performance of municipal functions: Chalfant v. Edwards, 173 Pa. 246. There was no evidence that the authorities of the school district had made any arrangement with the city authorities, under the provisions of the Act of June 26, 1895, P. L. 331, under which the former abandoned and turned over to the municipal authorities the control, management and care of the public school grounds, "for park and recreation purposes by the public." The only evidence in the case referring to the subject was to the effect that the control and management of the property remained in the authorities of the school

district, in whom it is under the law presumed to be. This case is ruled by Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587; and the city of Philadelphia, as a municipal corporation, cannot be held liable for the injuries of which the plaintiff complains.

The judgment is reversed.